UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff-Appellee,<br>  v.<br>MICHAEL ROBERTS,<br>  Defendant-Appellant. | Case No. 5:15-cr-00105-EJD-1<br><br>**ORDER AFFIRMING DECISION OF MAGISTRATE JUDGE** |

Appellant Michael Roberts ("Appellant") appeals his conviction following a bench trial for parking illegally on National Forest System lands in violation of 36 C.F.R. § 261.10(f). Appellant assigns error to the magistrate judge's determination that there was sufficient evidence proving the conviction beyond a reasonable doubt.

After reviewing the evidence presented at trial in the light most favorable to the prosecution, this court concludes that there was sufficient evidence for a rational trier of fact to have found Appellant guilty of the offense charged. The judgment and sentence, therefore, will be AFFIRMED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On October 11, 2014, Appellant's Subaru vehicle was parked near a "No Parking" sign on Highway One directly across from the Pacific Valley School in the Los Padres National Forest. He and many others were attending an event at the school. During the event, an officer for the United States Forest Service was patrolling the area. The officer noticed there were several vehicles parked between two "No Parking" signs across from the school. The officer issued citations to Appellant's vehicle, and to the vehicles parked between the signs. All of the vehicles

1
Case No.: 5:15-cr-00105-EJD-1
ORDER AFFIRMING DECISION OF MAGISTRATE JUDGE

were parked on the shoulder of the road between the fog line of the road, and foliage on the other side. The officer took photographs depicting a very close proximity between the vehicles and the fog line with pedestrians walking on the fog line or in the roadway.

Appellant was charged with violation of § 261.10(f). The statute prohibits placing a vehicle on National Forest System lands in such a way that impedes public safety or convenience. A magistrate judge conducted a bench trial on February 1, 2015. The officer testified as the only witness for the prosecution, and his photographs were presented as evidence. Appellant, appearing *pro se*, testified on his own behalf. He also presented his own photographs, taken on a later date, of his vehicle's position.

The magistrate judge found Appellant guilty. The original fee for the citation was $100 plus $25 processing fee, however, the magistrate judge sentenced him to a reduced fine of $50 plus a $25 processing fee. Appellant filed this appeal on February 17, 2015, arguing insufficient evidence to prove the conviction beyond a reasonable doubt. See Dkt. No. 1. Appellant filed an opening brief, and the Government filed an answering brief. See Dkt. Nos. 3 ("App. Br."), 7 ("Ans. Br."). A hearing on this appeal was held on June 18, 2015. Appellant failed to appear, but the court heard oral argument from the Government.

## II. LEGAL STANDARD

To determine whether Appellant's conviction can be sustained, this court reviews *de novo* the sufficiency of the evidence supporting the conviction. United States v. Stanton, 501 F.3d 1093, 1099 (9th Cir. 2007). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Evidence may be insufficient, for example, "where mere speculation rather than reasonable inference supports the government's case." United States v. Nevils, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc) (citing Juan H. v. Allen, 408 F.3d 1262, 1277-79 (9th Cir. 2005)).

## III. DISCUSSION

### A. Trial

Under 36 C.F.R. § 261.10(f), pertaining to occupancy and use of National Forest System lands, a person is prohibited from "[p]lacing a vehicle or other object in such a manner that it is an impediment or hazard to the safety or convenience of any person." The question, therefore, becomes whether any rational trier of fact could have found that Appellant's vehicle impeded the safety of those walking or driving along the road.

At trial, the officer testified that vehicles were parked all along Highway One, and Appellant's vehicle was parked in a particular area where the shoulders of the road are very narrow. Dkt. No. 7-1, Ex. A, Transcript ("Tr.") at 9-10. He testified that people had to walk by Appellant's vehicle in order to get to the event at the school. See Id. The officer further testified that anyone walking by the vehicle would either have to step out into the roadway or walk in the foliage on the other side of the vehicle. Id. The Government presented photographs that the officer captured depicting Appellant's vehicle and pedestrians walking in the driving lane nearby. See Plaintiff's Exhibits ("Pl. Ex.") 1-2; Tr. at 8-10. The officer testified that he issued the citation because those pedestrians were "being forced to walk in the roadway." Id. at 10. On cross-examination by the Appellant, the officer changed his testimony slightly. He admitted that there was enough space between Appellant's vehicle and the fog line of the road for one person to walk without stepping into the lane. Id. at 12.

Appellant also testified. He presented his own photographs depicting the location of his vehicle in relation to the "No Parking" signs. See Defendant's Exhibits ("Def. Ex.") 3-5. Although these photographs were taken on a later date, Appellant testified that the photographs accurately portrayed his vehicle situated as it was on October 11th when he was issued the citation. See Tr. at 14-15. One of the photographs shows the vehicle parked close to, but not within, the designated "No Parking" zone. Def. Ex. 3.

The magistrate judge found that Appellant placed his vehicle in a manner that was an impediment to others, stating:

> My finding is that I'm going to sustain the violation notice, the finding that the information establishes beyond a reasonable doubt that Mr. Roberts did place his vehicle in a manner that is an impediment to others.
>
> While not perfect, I find that Exhibits 1 and 2 do establish that fact. And that Exhibits 3, 4, and 5, because it's from a different day, while I understand the purpose of presenting them, don't counter the evidence presented by the officer, mostly the photographs establishing that that parking location was an impediment to others, and the fact that there were others taken on that same date points to me that there was not—that Mr. Roberts was not being picked upon or being treated unfairly in comparison to other citizens.

Tr. at 18.[1]

### B. Appellant's Arguments

On appeal, Appellant raises three points. See App. Br. at 1. First, he argues that his vehicle was not parked within the designated "No Parking" zone. Second, Appellant argues that his vehicle was not an impediment or hazard because the officer admitted during cross-examination that there was enough space between Appellant's vehicle and the fog line for one person to walk safely. Lastly, Appellant contends that the magistrate judge based his conviction solely upon the fact that other vehicles similarly parked were also issued citations. Each of Appellant's arguments will be addressed in turn.

Analyzing Appellant's first contention that the citation was invalid because his vehicle was not parked in the "No Parking" zone requires the court to interpret § 261.10(f). When construing a statute, the first step "is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997). The inquiry ceases "if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" Id. (quoting United States v. Ron Pair Enters., Inc., 489 U.S. 235, 240 (1989)). The Ninth Circuit has stated that § 261.10(f) is unambiguous, and that "[t]he purpose of the regulation is to prevent the impeding of forest service roads." United States v.

---

[1] Exhibits 1 and 2 were the photographs taken by the officer, and Exhibits 3, 4, and 5 were the photographs taken by the Appellant. Appellant's photographs show the vehicle from a different angle, but were taken over two months after the citation was issued. See Tr. at 16. All five photographs were lodged with the court.

4
Case No.: 5:15-cr-00105-EJD-1
ORDER AFFIRMING DECISION OF MAGISTRATE JUDGE

Willner, No. 97-30061, 1998 WL 63051, at *2 (9th Cir. Feb. 13, 1998).  Since § 261.10(f) is unambiguous, this court will rely on the statute's plain meaning.

Although there is some dispute as to whether or not Appellant's vehicle was parked within the "No Parking" zone (see Tr. at 7, 14-15), the language of § 261.10(f) requires only that a vehicle be situated in a manner that inhibits personal safety or convenience.  This does not inspire an inference that the drafters intended to inculpate only parking that takes place between "No Parking" signs.  Since the court must "avoid rendering what Congress has plainly done . . . devoid of reason and effect," such a narrow reading of § 261.10(f) would be improper.  Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 217-18 (2002).  The crux of the statute is to ensure cautious parking wherever human safety and convenience may be at risk, and the officer testified that he "wrote the ticket because there were people being forced to walk in the roadway."  Tr. at 10.  Since the ultimate determination for a violation of § 261.10(f) is whether a vehicle is an impediment or hazard to safety, not whether it is parked within a "No Parking" zone, Appellant's first argument is without merit.

Appellant's second argument that his vehicle was not an impediment because one person could walk safely between the vehicle and the fog line is equally unavailing.  The evidence indicates that a single individual could walk next to the vehicle without stepping into the roadway (See Tr. at 12; Def. Ex. 3-5), but this does not mean that there was no impediment to the safety of others.  As the Government correctly surmises, it is very likely that more than one person walked together by the vehicle.  Ans. Br. at 5.  At the very least, one of the individuals would come very close to the driving lane.  Id.  Even if only one person walked by the vehicle at a time, vehicles in motion would have to move into the other lane to give the pedestrian a wide berth.  Id.  In addition, since the vehicle was parked so close to the fog line of the road, simply opening the driver's door would have impeded oncoming traffic.  Most importantly, the photographs and testimony at trial established that people were walking on or very near the road due to the presence of Appellant's vehicle.  See Pl. Ex. 1-2; Tr. at 8-10.  Since these are all hazardous situations, sufficient evidence exists for a rational trier of fact to find that Appellant's vehicle was an

5
Case No.: 5:15-cr-00105-EJD-1
ORDER AFFIRMING DECISION OF MAGISTRATE JUDGE

impediment to the safety of others.

Appellant's third argument challenging the magistrate judge's analysis of the situation is belied by the trial transcript. The magistrate judge indeed considered the fact that other vehicles were issued citations that day. See Tr. at 18. However, he also referred to the photographs taken by both the Government and the Appellant, as well as the testimony presented in court. Id. This shows that the magistrate judge considered the situation as a whole, and determined that the vehicle was parked in a position that created an impediment to the safety of others.

In light of the record, Appellant raises no legal argument that warrants reversal of his conviction. While Appellant may argue otherwise, poorly organized event parking does not justify judicial interference with an officer's ability to enforce compliance with public safety standards. The officer's decision to issue a citation was clearly rooted in the prohibition provided in § 261.10(f). Appellant's vehicle was parked close enough to the driving lane to create an impediment to others' safety as people heading to the event had to walk precariously close to the road where approaching traffic would have to move over or risk hitting a pedestrian. The potential for an accident necessitated the officer's diligence. Considering the situation as a whole, and the plain language of the statute, there is sufficient evidence to support the conviction.

Viewing the evidence in the light most favorable to the Government, the court concludes that a rational trier of fact could determine beyond a reasonable doubt that Appellant violated § 261.10(f). Accordingly, the judgment is affirmed.

**IV. DISPOSITION**

The judgment of conviction and sentence are AFFIRMED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 6, 2015

_____
EDWARD J. DAVILA
United States District Judge

6
Case No.: 5:15-cr-00105-EJD-1
ORDER AFFIRMING DECISION OF MAGISTRATE JUDGE